ORIGINAL

WILLIAM H. THOMAS (ISB 3154)
HUNTLEY PARK, LLP
250 South Fifth St., Suite 660
P. O. Box 2188
Boise, ID 83701
Telephone (208) 345-7800
Fax: (208) 345-7894

**Attorneys for Plaintiff**

U.S. DISTRICT COURT
U.S. BANKRUPTCY COURT
DISTRICT OF IDAHO

JAN 20 2004

M. REC'D
LODGED _____ FILED ____

/5746

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DEBRA BIRMINGHAM, | ) |
| Plaintiff, | ) Case No. CIV04-029-S-EJL |
| vs. | ) |
| THE HOFF COMPANIES, INC. d/b/a WESTERN WINDOWS, | ) COMPLAINT |
| Defendant. | ) |

Plaintiff Debra Birmingham, by and through her attorney, complains and alleges, for her claims against Defendant, as follows:

## SUMMARY OF PLAINTIFF'S CLAIMS

### Family Medical Leave Act

1.  Plaintiff brings this lawsuit because of Defendant's violations of the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.* (FMLA). The FMLA provides job security to employees who must be absent from work because of their own illnesses, to care for family members who are ill, or

COMPLAINT, P. 1

to care for new babies. Congress recognized that, in an age when all the adults in many families are in the work force, employers' leave policies often do not permit employees reasonably to balance their family obligations and their work life. As for the employees' own serious health conditions, Congress found that employees' lack of job security during serious illnesses that required them to miss work is particularly devastating. As Congress concluded, " it is unfair for an employee to be terminated when he or she is struck with a serious illness and is not capable of working." *Congress S. Rep. No. 103-3 at 11-12., 103d Cong., 2d Sess. (1993).* In response to these problems, the FMLA entitles covered employees up to twelve weeks of leave each year for their own serious illnesses or to care for family members and guarantees them reinstatement after exercising their leave rights. Plaintiff alleges that Defendant not only had an official leave policy in direct violation of the FMLA, but that she was denied her rights to family medical leave for a serious health condition. Plaintiff's subsequent termination was based entirely on the effects of her serious medical condition.

### Fair Labor Standards Act

2.  Plaintiff also claims that Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (FLSA). Plaintiff alleges that during her employment as the only female supervisor working at Defendant's Caldwell, Idaho, window plant, she was improperly classified as a supervisor in the glass department. She was improperly paid on a salary basis when her wages should have been paid on an hourly basis. Plaintiff alleges she consistently, throughout the course of her employment with Defendant, worked many hours in excess of forty hours in each week for which she was not paid at an overtime rate of one-and-one-half times her regular rate. Plaintiff alleges that Defendant's failure to properly classify her as non-exempt and its failure to pay her overtime for the hours she worked each week in excess of forty was willful, intentional and not in good faith.

COMPLAINT, P. 2

Plaintiff claims that she is entitled to recover the unpaid overtime for the past three years and that she is also entitled to recover liquidated damages.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this case pursuant to 29 U.S.C. § 2617(a)(2) and 29 U.S.C. § 216(b). Venue is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff is an individual who resides in Ada County, Idaho.

5. Defendant is an Idaho corporation according to records filed with the Idaho Secretary of State. Further, according to records filed with the Idaho Secretary of State, Defendant has filed a certificate of assumed business name designating "Western Windows" as the name under which it transacts business.

6. Defendant has its principal place of business at 280 E. Corporate Dr. #200, Meridian, Idaho 83642. Defendant employed more than fifty (50) employees for each working day during each of twenty or more calendar weeks in each calendar year relevant hereto.

## FACTS

### Family Medical Leave Act

7. Plaintiff was employed by Defendant at a facility located at Caldwell, Idaho, from February 1996 until August 2003.

8. Plaintiff worked for Defendant for approximately seven and one half (7 ½) years and Plaintiff worked for more than 1250 hours in the 12 months preceding her request for medical leave.

9. In early 2003 Plaintiff began to experience severe depression brought on by long-standing hostile on-the-job treatment from her immediate supervisor, Mike Kober (Kober). In March

2003, Plaintiff asked Kober for medical leave to obtain medical treatment for her serious health condition. Kober summarily refused her request stating that he needed her to be at work.

10.  Throughout the spring and early summer of 2003 Plaintiff's depression continued to be exacerbated by the working conditions she experienced at Defendant's plant. Plaintiff's depression and attendant physical problems became severe enough so that in July 2003, Plaintiff again asked Kober for a medical leave of absence in order to receive treatment for her serious health condition and to help her recover. Kober refused Plaintiff's request for a medical leave. Kober, in denying Plaintiff's request, told her that he could not let her take any leave because business was starting to pick up and he could not afford to have her away from work.

11.  During 2003 until Plaintiff was fired from her position at Defendant, Kober and his superiors knew that Plaintiff had severe emotional and medical problems causing her serious health condition.

12.  Plaintiff's termination was directly related to her serious health condition.

### Fair Labor Standards Act

13.  Plaintiff was hired by Defendant ostensibly to be the glass department supervisor and, as such, Plaintiff was paid on an hourly basis and received overtime pay for hours she worked in excess of forty in a work week. Upon information and belief, sometime during 2000, Defendant unilaterally changed the method of paying Plaintiff from an hourly basis to a weekly salary in a fixed amount.

14.  At the time Defendant changed its method of paying Plaintiff's wages from hourly to salary, there was no change in Plaintiff's work assignment or in the nature of the duties she performed. Defendant arbitrarily changed Plaintiff's classification from non-exempt to exempt and

COMPLAINT, P. 4

intentionally eliminated her eligibility for overtime.

15. Despite the fact that Defendant classified Plaintiff as an exempt supervisor, Plaintiff's actual job duties did not qualify her as an employee exempt from the overtime pay requirement of the FLSA.

16. Plaintiff's primary duties as Defendant's employee were not to manage the Defendant's glass department but, rather, to regularly work side-by-side with other production employees performing production work or other work that was unrelated to or only remotely related to supervisory activities.

17. As a purported supervisor, Plaintiff did not customarily and regularly supervise two or more employees. Any time Plaintiff did spend on activities that could be remotely considered managerial amounted to no more than ten percent (10%) of the time she spent working for Defendant.

18. Plaintiff did not possess the authority nor have the power to hire, fire or promote employees nor to provide suggestions  Plaintiff was never directly concerned with the hiring, firing, advancement and promotion or any other change in status of the employees Plaintiff purportedly supervised.

19. At no time during her employment with Defendant did Plaintiff customarily and regularly exercise discretionary powers in the day-to-day performance of her duties. Plaintiff's work was sufficiently routinized that she had little or no discretion in how her duties were to be fulfilled.

20. At all times during her employment with Defendant Plaintiff devoted more than ninety percent (90%) of her workweek to non-exempt tasks. A significant majority of Plaintiff's work was not directly and closely related to any exempt activities that should have been performed

COMPLAINT, P. 5

by a supervisor or manager.

21. During Plaintiff's employment with Defendant, Plaintiff frequently worked in excess of forty (40) hours in a workweek. At no time during her employment with Defendant was Plaintiff paid any overtime pay for the overtime hours she worked.

22. On or about August 21, 2003, Plaintiff was fired from her employment with Defendant.

## PLAINTIFF'S FIRST CLAIM

### Violation of the Family Medical Leave Act

23. Plaintiff re-alleges paragraphs 1 through 22 above.

24. The FMLA, 29 U.S.C. § 2615(a), prohibits Defendant from interfering with the exercise of Plaintiff's right to take FMLA leave by making it unlawful for Defendant "to interfere with, restrain, or deny the exercise or attempt to exercise any right provided for under" the FMLA.

25. The FMLA and the regulations promulgated thereunder make it unlawful for Defendant to not only refuse to authorize leave but also to discourage Plaintiff from using such leave.

26. Under the FMLA and the regulations promulgated thereunder, Plaintiff was not obligated to expressly assert her rights under the FMLA or even mention the FMLA when requesting leave for her serious medical condition.

27. Under the FMLA and the regulations promulgated thereunder, Plaintiff's only obligation was to inform Defendant that a leave was needed.

28. Under the FMLA and the regulations promulgated thereunder it was Defendant's legal duty to determine when FMLA leave was appropriate for Plaintiff.

29. Defendant violated its legal duty to determine when FMLA leave was appropriate for Plaintiff.

30. Under the FMLA and the regulations promulgated thereunder it was Defendant's legal duty to inquire as to specific facts to make the determination that FMLA leave was appropriate for Plaintiff.

31. Defendant violated its legal duty to inquire as to specific facts to make the determination that FMLA leave was appropriate for Plaintiff.

32. Under the FMLA and the regulations promulgated thereunder it was Defendant's legal duty to inform Plaintiff of her entitlements under the FMLA.

33. Defendant violated its legal duty legal duty to inform Plaintiff of her entitlements under the FMLA.

34. Defendant fired Plaintiff as a direct and proximate result of her serious medical condition.

35. Defendant's violation of the FMLA was not in good faith and Defendant had no reasonable grounds for believing that its acts and omissions were not a violation of 29 U.S.C. § 2613.

36. As a direct and proximate result of Defendant's violations of the FMLA and the regulations promulgated thereunder, Plaintiff suffered damages in an amount to be proved at the trial of this matter.

## PLAINTIFF'S SECOND CLAIM

### Violation of the Fair Labor Standards Act

37. Plaintiff re-alleges paragraphs 1 through 36 above.

38. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1). Defendant is, and was at all relevant times, subject to the overtime pay requirements of the FLSA, because it is an enterprise engaged in commerce and its employees are engaged in commerce.

39. Section 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1), requires employers to pay non-exempt employees who work longer than forty (40) hours in a workweek one and one-half times the employee's regular rate of pay for the hours worked in the workweek in excess of forty (40) hours. Defendant is, and was at all relevant times, subject to this requirement to pay non-exempt employees one and one-half times its employees' regular rate of pay, for all hours worked in a workweek in excess of forty (40) hours. Defendant violated the FLSA by failing to pay Plaintiff for the number of hours she was actually allowed to perform work in excess of forty (40) hours in a workweek.

40. The conduct of Defendant, as described above, has violated the FLSA by additional conduct which includes but is not limited to the following: (a) suffering and permitting Plaintiff to work without paying for all time worked, either at the agreed rates or the applicable overtime rate; and (b) failing to keep accurate records showing all the time worked by Plaintiff and that Defendant permitted her to work; and failing to provide wage statements itemizing all wages earned, including overtime.

41. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime pay obligations set forth under Section 7(a)(1) of the FLSA. The exemptions include employees who are paid on a salary basis and are employed in a bona fide executive,

COMPLAINT, P. 8

administrative or professional exemption. 29 U.S.C. § 213(a)(1). None of the FLSA exemptions apply to Plaintiff. Accordingly, Plaintiff must be paid overtime pay in accordance with Section 7 of the FLSA.

42. Plaintiff is entitled to damages equal to the amount of overtime premium pay within the three years preceding the filing of this complaint. Defendant's failure to pay overtime pay to Plaintiff was and is "willful" within the meaning of Section 6(a) of the Portal-to-Portal Pay Act, 29 U.S.C. § 255(a), since Defendant did not act in good faith in failing to pay proper overtime pay and had no reason to believe that its failure to do so was not a violation of the FLSA, within the meaning of Section 11 of the Portal-to-Portal Pay Act, 29 U.S.C. § 260. Accordingly, Plaintiff is entitled to an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above, pursuant to Section 16(b) of the FLSA. Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime pay, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate. Attorneys' fees and costs, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), should also be awarded.

## TITLE VII, CIVIL RIGHTS ACT OF 1964

43. Plaintiff is in the process of filing charges with the Idaho Human Rights Commission and the Equal Employment Opportunity Commission in which she alleges that Defendant, through its managers, including Kober, discriminated against Plaintiff based on her gender and sexually harassed her. Upon receipt of a right to sue letter from the administrative agencies, Plaintiff specifically reserves the right to seek to amend this Complaint and to plead her claims for discrimination.

COMPLAINT, P. 9

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For damages against Defendant for Plaintiff, including but not limited to, compensation for unrecorded work time and liquidated damages and penalties, all in amounts to be proved at trial.

2. For damages equal to the amount of wages, salary, employment benefits and other compensation denied and lost to Plaintiff by reason of Defendant's illegal violations of the FMLA.

3. For liquidated damages for violations of the FMLA under 29 U.S.C. § 2617(a)(1)(A)(iii).

4. For pre-judgment interest.

5. For costs of litigation, including attorneys' fees, pursuant to, *inter alia*, 29 U.S.C. § 216(b) and 29 U.S.C. § 2617(a)((3).

6. For such other and further relief as the Court deems proper.

DATED this 20th day of January, 2004.

HUNTLEY PARK, LLP

*/s/ William H. Thomas*
William H. Thomas
Attorneys for Plaintiff